IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVE MURNICK, On behalf of himself and all others similarly situated, </br></br>Plaintiff, </br></br>v. </br></br>COL\DEBT COLLECTION SYSTEMS, </br></br>Defendant. | FILED: AUGUST 6, 2008      LI </br>08CV4444 </br>JUDGE    ST   EVE </br>MAGISTRATE   JUDGE  COLE </br></br>Case No. </br></br>**JURY DEMANDED** |

### CLASS ACTION COMPLAINT FOR
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Steve Murnick ("Murnick"), files this Complaint against COL/Debt Collection Systems ("COL") for violations of the Fair Debt Collection practices Act.

1. This action seeks redress for COL's illegal debt collection practices in violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

*Parties*

2. Murnick is an Illinois citizen who resides within this district. Murnick is a "consumer," as that term is defined by Section 1692(a)(3) of the FDCPA.

3. COL's principal place of business is located at 8 S. Michigan Ave, Suite 618, Chicago, Illinois 60603. COL is a "debt collector" as that term is defined by Section 1692 (a)(6) of the FDCPA.

*Jurisdiction and Venue*

4. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

6. Venue is also proper in this district because COL can be found, has agents, and/or transacts business in this district.

*Factual Allegations*

7. Murnick installed a new underground power line for an addition to his home.

8. On two occasions in late summer 2007, Mr. Murnick contacted Commonwealth Edison Company ("ComEd") about repairing damage done to this power line. Upon information and belief, ComEd repairs damage to such power lines without charge in its normal course of business.

9. ComEd did not inform Mr. Murnick that it would charge Mr. Murnick for repairing the power line. When questioned about whether ComEd would charge for repairs to the power line, ComEd responded that there would be no charge.

10. Although ComEd stated that it would not charge Mr. Murnick for the repairs, ComEd charged Mr. Murnick $1,118.44 for the first repair (which took approximately 15 minutes and few materials to complete) and $1,641.64 for the second repair (which took approximately 45 minutes and few materials to complete).

11. If ComEd had informed Mr. Murnick that it would charge for the repairs, Mr. Murnick would have either hired a contractor to complete the repairs or finished them himself.

12. On April 7, 2008, COL sent Mr. Murnick (improperly named in the letter as "Munick") an initial form collection letter numbered 167079 (the "First Letter"), the

contents of which violated one or more provisions of the FDCPA. A true and correct copy of the First Letter is attached hereto as Exhibit A.

13. On April 7, 2008, COL sent Mr. Murnick an initial form collection letter numbered 167080 (the "Second Letter") (the First Letter and Second Letter shall collectively be referred to hereafter as the "Letters"), the contents of which violated one or more provisions of the FDCPA. A true and correct copy of the Second Letter is attached hereto as Exhibit B.

14. COL also failed to provide the notice required by 15 U.S.C. § 1692g.

## **CLASS ALLEGATIONS**

15. Murnick hereby realleges and incorporates paragraphs 1-14 herein by reference as paragraph 15.

16. This case is brought on behalf of Murnick and a statewide class, consisting of all consumers who, according to Defendant's records: (a) had an Illinois address; (b) within one year prior to the filing of this action were sent a collection letter in a form materially identical or substantially similar to either of the letters sent to Murnick,; (c) the letter was not returned by the postal service as undelivered; and (d) COL did not send a written notice that complies with 15 U.S.C. § 1692g within five days of sending the initial collection letter.

17. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    a. Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

    b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class

        members. The principal questions presented by this case are 1) whether the Letters violate § 1692e and its subsections by using language designed to create the belief in the least sophisticated consumer that (a) a lawsuit would be recommended and filed against the consumer for the alleged debt or (b) that a court or other legal entity already adjudicated liability and entered a judgment against the consumer; 2) whether COL violated § 1692g and its subsections by failing to notify consumers in writing that the consumers have a right to request validation of the alleged debt; and 3) whether COL violated § 1692e and its subsections by threatening to use an inapplicable statute to collect debt.

    c. The only individual issue is the identification of the consumers who received the letters (i.e. the class members), which is a matter capable of ministerial determination from COL's records.

    d. Murnick's claims are typical of those of the class members. All claims are based on the same facts and legal theories.

    e. Murnick will fairly and adequately represent the class members' interests and his interests are consistent with the class members' interests. Murnick has retained counsel experienced in mass litigation and collection abuse claims.

18. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

19. If the facts are discovered to be appropriate, Murnick will seek to certify the class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## COUNT I
## Violation of 15 U.S.C§ 1692g

20. Murnick hereby realleges and incorporates paragraphs 1-19 herein by reference as paragraph 20.

21. 15 U.S.C. § 1692g provides, in relevant part:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

\*\*\*

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

22. COL did not send Murnick a written notice containing a statement that unless Murnick, within thirty days after receipt of the Letters, disputed the validity of the debt, or any portion thereof, COL would assume the debt to be valid.

23. COL did not send Murnick a written notice containing a statement that if Murnick notified COL in writing within the thirty-day period that the debt, or any portion thereof, is disputed, COL will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to Murnick by the COL.

24. Upon information and belief, COL has sent more than 100,000 initial form collection letters to consumers.

25. Upon information and belief, COL does not provide consumers with the written notification required by 15 U.S.C. § 1692g of the FDCPA.

26. COL is liable to Murnick and the class members for violations of 15 U.S.C. § 1692g.

WHEREFORE, Murnick requests that this Court grant the following relief in his favor and on behalf of the Class, against COL:

A) Statutory damages as provided by 15 U.S.C. § 1692k;

B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

C) Any other relief that this Court deems appropriate and just.

## COUNT II
### Violations of 15 U.S.C. § 1692e

27. Murnick hereby realleges and incorporates paragraphs 1-26 herein by reference as paragraph 27.

28. 15 U.S.C. § 1692e provides, in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

***

(2) The false representation of--

   (A) the character, amount, or legal status of any debt

***

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

***

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

29. Upon information and belief, COL uses a mechanized computer-driven process to send these letters, and most variable information (such as the name of the creditor, the alleged amount due, and the name of the consumer) is inserted into pre-defined "fields" by a word processor or other computer-driven document assembly software. For example, the name "STEVE MUNICK" is written in all capital letters in the salutation and body of the First Letter.

30. Upon information and belief, COL never conducted an "investigation" as stated in the Letters.

31. Upon information and belief, COL never meaningfully reviews or authorizes any particular individual letter before it is sent. This allegation is bolstered by the fact that the Letters do not contain signatures.

32. Upon information and belief, no court or other authority found that ComEd owned the "underground facility" or that Murnick was liable for property damage.

33. Furthermore, COL improperly threatened to report Murnick to OSHA for an alleged violation of the Illinois Underground Utility Facilities Damage Prevention Act (the "UUFDPA") (220 ILCS 50/1, *et seq.*) if he did not pay. The UUFDPA does not apply, however, because Section 2.2 of that act restricts its application to facilities installed by a public utility or a municipally owned or mutually owned utility. Even if the UUFDPA did apply, it does not provide that reports may be made to OSHA or that OSHA is relevant to this dispute.

34. COL is liable to Murnick and the class members for violations of 15 U.S.C. § 1692e

WHEREFORE, Murnick requests that this Court grant the following relief in his favor and on behalf of the Class, against COL:

A) Statutory damages as provided by 15 U.S.C. § 1692k;

B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

C) Any other relief that this Court deems appropriate and just.

### *Demand for Jury Trial*

35. Murnick demands a trial by jury in this matter.

Respectfully Submitted,

STEVE MURNICK

By: /s/ Keith E. Allen
One of his attorneys

Keith E. Allen, #6271854
Law Offices of Keith E. Allen, Ltd.
333 W. Wacker Drive, Ste 300
Chicago, IL 60610
312-759-2152

COL\DEBT COLLECTION SYSTEMS
8 S. MICHIGAN AVE #618
CHICAGO, IL 60603

April 7, 2008

                        167079

STEVE MUNICK
125 CIRCLE AVENUE
BLOOMINGDALE, IL 60108

| RE: | COMED | 2007170524 | $1,641.64 |
|---|---|---|---|
| | | TOTAL: | $1,641.64 |

Dear STEVE MUNICK,

Please be advised that we have concluded our investigation into this property damage claim and have found STEVE MUNICK liable for causing this damage to our client's underground facility while performing excavation work.

This file is now scheduled for action and prior to proceeding we are extending an opportunity to you for voluntarily payment of this claim.

When contacting our office please reference the above file number.

Sincerely,


Jeff D. Goodwin
312-759-3806


EXHIBIT A

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

COL\DEBT COLLECTION SYSTEMS
8 S. MICHIGAN AVE #618
CHICAGO, IL 60603

April 7, 2008

167080

STEVE MURNICK
125 CIRCLE AVENUE
BLOOMINGDALE, IL 60103

RE:   COMED            2007170493              $1,118.44
                                  TOTAL:       $1,118.44

Dear STEVE MURNICK,

Please be advised that we have concluded our investigation into this property damage claim and have found STEVE MURNICK liable for causing this damage to our client's underground facility while performing excavation work.

This file is now scheduled for action and prior to proceeding we are extending an opportunity to you for voluntarily payment of this claim.

When contacting our office please reference the above file number.

Sincerely,

Jeff D. Goodwin
312-759-3806



This is an attempt to collect a debt. Any information obtained will be used for that purpose.